UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELIA ANNE HARRIS,

      Plaintiff,                               Case No. 14-cv-14508
                                                  Hon. Matthew F. Leitman

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

### OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION (ECF #14), (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #15), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #12), AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #11)

In this action, Plaintiff Shelia Anne Harris ("Harris") alleges that the Social Security Administration (the "SSA") wrongly denied her application for Social Security disability insurance benefits. After the parties filed cross-motions for summary judgment, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which she recommended that the Court (1) grant summary judgment in favor of Defendant Commissioner of Social Security (the "Commissioner"), and (2) deny Harris's Motion for Summary Judgment. (*See* R&R, ECF #14 at 1, Pg. ID 554.) Harris filed timely objections to the R&R (the "Objections"). (*See* ECF #15.) The Court has now conducted a *de novo* review of

the portions of the R&R to which Harris has objected.  For the reasons stated below, the court **OVERRULES** the Objections (ECF #15), **ADOPTS** the R&R as the Opinion of the Court (ECF #14), **GRANTS** the Commissioner's Motion for Summary Judgment (ECF #12), and **DENIES** Harris's Motion for Summary Judgment (ECF #11).

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2010, Harris lost her job as a receptionist in a dental office. (*See* Admin. R., ECF #6-2 at 64, Pg. ID 89.)  She has not worked since that time. (*See* Pl.'s Mot. Summ. J., ECF #11 at 6, Pg. ID 503.)  Harris applied for Social Security disability insurance benefits in December 2011.  In her application, she claimed that she suffered from numerous mental health impairments including bipolar disorder, depression, paranoia, and anxiety.  (*See* Admin. R., ECF #6-3 at 3, Pg. ID 115.)  The SSA concluded that Harris was not disabled under the Social Security Act (the "Act"), and it denied her application.  (*See id.* at 7, Pg. ID 119.) Harris then requested a hearing before an Administrative Law Judge.  (*See id.*, ECF #6-4 at 15-16, Pg. ID 135-36.)

Harris's hearing was held on December 18, 2012, before Administrative Law Judge Patrick J. MacLean (the "ALJ"). (*See* Admin. R., ECF #6-2 at 51, Pg. ID 76.)  During this hearing, Harris testified about her struggles with, among other things, depression, bipolar disorder, anxiety, and she described their impact on her

2

day-to-day life. (*See id.* at 57-87, Pg. ID 82-112.) Harris also provided the ALJ with voluminous medical records (dating back to 2006) to support her claims that she suffered from severe mental impairments. (*See generally* Admin. R., ECF #6.)

On August 9, 2013, the ALJ issued a written decision in which he determined that Harris was not disabled and was therefore not entitled to benefits (the "ALJ's Decision"). (*See* ECF #6-2 at 31, Pg. ID 56.) The ALJ followed a five-step analysis[1] and made the following findings: (1) Harris did not engage in substantial gainful employment between her alleged disability onset date (September 20, 2010), and the date she was last insured (June 30, 2011) (*see id.* at 25, Pg. ID 50); (2) Harris did suffer from severe impairments, including bipolar disorder, left knee saphenous nerve injury, and obesity (*see id.*); (3) Harris's combination of impairments did not presumptively entitle her to disability benefits under the Act (*see id.* at 26, Pg. ID 51); (4) Harris could not perform the relevant work that she performed in the past (*see id.* at 29, Pg. ID 54); and (5) Harris was capable of performing a significant number of jobs despite her severe impairments and limitations (*see id.* at 30, Pg. ID 55).

The ALJ also provided the following assessment of Harris's mental health and treatment history:

---

[1] The Social Security Act's five-step analysis is codified in a Federal Regulation at 20 C.F.R. § 404.1520, 416.920 and is provided in the R&R. (ECF #14 at 3-4, Pg. ID 556-57.)

3

The record showed complaints of depression and bipolar disorder since at least 2006 but there are issues with non-compliance and inconsistent treatment for depression. The claimant was referred to psychiatric treatment in February 2010 but treatment notes dated through November 2010 showed that the claimant still had not attended any therapy. In fact, the claimant failed to participate in any mental health treatment until one month after her date last insured in July 2011, which suggests that her symptoms were not interfering in her daily activities until that time. Treatment notes dated after the expiration of claimant's date last insured showed improvement in Global Assessment of Functioning (GAF) with the use of medication.

* * *

The claimant's statements are not fully credible because they are inconsistent with the nature and frequency of claimant's treatment. When a claimant alleges a condition severe enough to be disabling, there is a reasonable expectation that the claimant will seek examination and treatment . . . . Here, there is very little treatment during the relevant time period between the alleged onset date of disability and the expiration of claimant's date last insured. The claimant's failure to seek treatment during that time reflects poorly on her credibility and the assertions that her condition was disabling during that period of time. If the claimant were having the level of functional complaints, as alleged, one would expect consistent treatment of an ongoing nature.

(*Id.* at 28-29, Pg. ID 53-54.) The ALJ then upheld the denial of Harris's claim for

benefits. (*Id.* at 31, Pg. ID 56.)

On November 26, 2014 Harris filed her Complaint in this Court challenging

the ALJ's decision. (*See* Compl., ECF #1.) Harris alleges that she "has been under

a disability within the meaning of the Social Security Act at all times claimed in an

application properly filed with Defendant" and that "[t]his disability continues."

(*Id.* at 2, Pg. ID 2.) Both Harris and the Commissioner then filed cross-motions for

4

summary judgment. (*See* Pl.'s Mot. Summ. J., ECF #11; Def.'s Mot. Summ. J., ECF #12.) The Magistrate Judge then issued the R&R in which she recommended that the Court grant the Commissioner's Motion and deny Harris's Motion. (*See* R&R, ECF #14 at 1, Pg. ID 554.)

On October 21, 2015, Harris filed Objections to the R&R. (*See* ECF #15.) She challenges the Magistrate Judge's recommendations on two grounds: First, Harris objects that the Magistrate Judge "erred in failing to consider that plaintiff's failure to consistently treat for mental health issues could have resulted from the very nature of those issues." (*Id.* at 2, Pg. ID 590.) Second, Harris objects that the Magistrate Judge did not sufficiently account for her "limitations in concentration, persistence, or pace in affirming the ALJ's assessment of her residual functioning capacity." (*Id.* at 4, Pg. ID 592.) A claimant's "residual functioning capacity" ("RFC") is the "most [a claimant] can still do despite [her] limitations." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 650, 643 (6th Cir. 2006) (quoting 20 C.F.R. § 404.1545(a)(1)).

## <u>GOVERNING LEGAL STANDARD</u>

When a party has objected to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no

duty to conduct an independent review of the portions of the R&R to which the parties did not object.[2]  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .")  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.  "[A] court is obligated to remand for further administrative proceedings if there are any unresolved essential factual issues."  *Meehleder v. Comm'r of Soc. Sec.*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

---

[2] The Court has nevertheless reviewed these portions of the R&R and agrees with the findings and conclusions of the Magistrate Judge.

6

## ANALYSIS

**A.    Harris's Objection That the Magistrate Judge Failed to Consider Whether Her Mental Impairments Prevented Her From Seeking Treatment**

As described above, the Magistrate Judge determined that the ALJ acted reasonably in concluding that Harris's failure to seek treatment for her mental health impairments cut against her current claim of disability.  (*See* R&R, ECF #14 at 30-31, Pg. ID 583-84.)   Harris asserts in her Objections that the Magistrate Judge and ALJ both erred by failing to consider whether her mental impairments prevented her from seeking treatment or from taking her prescribed medicines. (*See* Objection, ECF #15 at 2-3, Pg. ID 590-91.)   Harris also argues that "even if [she] had been noncompliant with treatment, the ALJ was obliged to determine whether there was a 'justifiable cause' for the noncompliance before using it to discredit or deny her claim."   As a result, Harris argues that she was in a "'catch-22' of the clearest sort." (*Id.*)   The Court disagrees.

Harris has not directed the Court's attention to any evidence that her mental impairments actually prevented her from seeking or receiving regular treatment. Instead (and as the Magistrate Judge aptly noted), any connection between Harris's failure to seek consistent treatment and her mental impairments is hypothetical. (*See* R&R, ECF #14 at 29, Pg. ID 582.)   She asserts that her failure to obtain consistent treatment "*could* have resulted from the very nature of" her mental

7

impairments. (Objections, ECF #15 at 2, Pg. ID 590; emphasis added.)  The ALJ did not err in failing to consider the mere possibility that Harris's mental impairments prevented her from seeking consistent treatment.

Moreover (and in any event), the evidence in the Administrative Record (including Harris's own testimony before the ALJ) does not support a finding that Harris's mental impairments prevented her from seeking consistent treatment. Indeed, Harris testified that her conditions only rarely interfered with ability to seek or obtain treatment and that such interference was of very recent vintage:

> Q:   Have you – you mentioned difficulty with leaving your house. Have you *ever* missed appointments or not been able to go somewhere because of problems leaving your house?
>
> A:   A *couple* of times.
>
> Q:   When has that happened?
>
> A:   I think within the last two months.

(Admin. R., ECF #6-2 at 42-43, Pg. ID 67-68; emphasis added.)  Likewise, Harris also testified that she remained in her house because she did not want to leave – *not* because she experienced panic attacks or because any other mental impairment inhibited her from leaving:

> Q:  What if you're not in a crowded area, but you're outside of your house?  Do you get panic attacks then?
>
> A:  No.
>
> Q:  Why don't you leave your house?

8

> A:  I really couldn't tell you.  I don't know why I don't.  Other than I just don't want to go nowhere.

(*Id.* at 78-79, Pg. ID 103-04.)  Harris's testimony thus undermines her current argument that her mental health issues could have prevented her from receiving treatment.

Simply put, because Harris did not present evidence that her mental impairments actually prevented her from seeking counseling, the ALJ did not err when he determined that her failure to seek counseling weighed against a finding that she was disabled.

## B.     Harris's Objection That the Magistrate Judge Erred By Upholding the ALJ's Residual Functional Capacity Assessment

Based on a thorough review of the Administrative Record,[3] the Magistrate Judge determined that the ALJ properly assessed Harris's RFC, which limited Harris's employment options to "sedentary work" with the following restrictions:

> The work must be limited to simple, routine, and repetitive tasks in a low-stress work environment with only occasional decision-making required and only occasional changes in the work setting.  The claimant is able to have occasional interaction with the public and with co-workers.

---

[3] The Magistrate Judge's review of the mental health evidence and explanation as to why that evidence was insufficient to establish Harris's entitlement to benefits is especially thorough and persuasive.  (*See* R&R, ECF #14 at 5-11, 24-30, Pg. ID 558-64, 577-83.)

(ALJ's Decision, ECF #6-2 at 27, Pg. ID 52.)   Harris now objects that these restrictions do not sufficiently account for her moderate limitations with concentration, persistence, and pace.   (*See* Objections, ECF #15 at 5, Pg. ID 593.) The Court disagrees.

The ALJ's RFC determination limits the *type* of work that Harris is capable of performing (simple, routine, and repetitive tasks) and further restricts *the conditions* under which Harris can do that work (in predicable low-stress environments requiring minimal decision-making and limited contact with co-workers and the public).   It is unlikely that any job requiring Harris to perform simple or repetitive tasks in a low-stress environment in which she has little (or any) decision-making duties would fail to account for Harris's concentration deficiencies.   The limited contact with both co-workers and the public specified in the RFC assessment would further mitigate any concentration issues Harris might experience.   Additionally, this Court has determined that, taken together, RFC restrictions like Harris's are sufficient to account for a claimant's concentration deficiencies.   *See, e.g.*, *Hetherington v. Comm'r of Soc. Sec.*, No. 08-11133, 2009 WL 1803238, at *5 (E.D. Mich. June 23, 2009) ("[W]hile neither 'simple routine tasks' nor 'a low stress environment,' considered piecemeal, would account for moderate concentration deficiencies, these limitations, along with a work

atmosphere requiring 'minimal changes' may be read cumulatively to encompass [a claimant's] moderate impairments.").

Harris argues that the RFC assessment was insufficient under this Court's decision in *Brown v. Comm'r of Soc. Sec.*, 672 F. Supp. 2d 794 (E.D. Mich. 2009). (*See* Objections, ECF #15 at 5-6, Pg. ID 593-94.) But *Brown* is distinguishable. In *Brown*, the RFC provided that the claimant was limited to performing "work that consists of simple, routine, repetitive, one or two step tasks." *Brown*, 672 F. Supp. 2d at 796. In sharp contrast to the RFC in this case, the RFC in *Brown* did not further restrict the claimant's potential work to jobs with low-stress environments, few workplace changes, minimal decision-making duties, and limited interaction with co-workers and the public. The remaining cases upon which Harris relies are distinguishable because they involved RFC determinations that restricted the claimant's work to simple and repetitive tasks but which did not sufficiently restrict the conditions in which the claimant worked. *See, e.g.*, *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 510, 516 (6th Cir. 2010) (restricting conditions only to non-public work settings); *Green v. Comm'r of Soc. Sec.*, No. 08-11398, 2009 WL 2365557, at *10 (E.D. Mich. July 28, 2009) (restricting conditions only to limited interaction with co-workers and the public); *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930 (E.D. Mich. 2005) ("[T]he ALJ's limitations were with co-workers,

supervisors and the public, and to 'jobs entailing no more than simple, routine, unskilled work.'").

The Magistrate Judge did not err in concluding that the RFC assessment sufficiently accounted for Harris's moderate concentration impairments.  Thus, the Court overrules Harris's second objection.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that

- The Magistrate Judge's R&R (ECF #14) is **ADOPTED** as the Opinion of the Court;

- Harris's Objections to the R&R (ECF #15) are **OVERRULED**;

- The Commissioner's Motion for Summary Judgment (ECF #12) is **GRANTED**; and

- Harris's Motion for Summary Judgment (ECF #11) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 20, 2015, by electronic means and/or ordinary mail.

s/Shawna C. Burns
Case Manager
(313) 234-5113

12